### In re ROBSON et al.

(Circuit Court of Appeals, Second Circuit. November 10, 1914.)

No. 34.

PARTNERSHIP (§ 136*)—NOTE IN FIRM NAME—LIABILITY.

    Where members of a firm executed a note, each signing his individual name, with nothing on the face of the note to indicate that it was a firm obligation, they bound themselves individually, and not the firm; and this though the lender of the money knew that it was going into the business of the firm.

    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 203, 204, 240; Dec. Dig. § 136.*]

Petition to Revise Order of the District Court of the United States for the Western District of New York.

On petition to revise an order of the District Court for the Western District of New York affirming an order made by Mark T. Powell, referee in bankruptcy, allowing the claims of creditors Mary M. Gage and Albert F. Robson against the individual estates of Charles W. Robson and John Monroe, who were members of the firm of Robson & Monroe.

W. Smith O'Brien, of Geneva, N. Y., for trustee.

C. W. Rice, of Geneva, N. Y., for claimant creditors.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The question here is whether the members of the firm of Robson & Monroe are individually liable upon certain promissory notes signed by them. There are a number of these notes in evidence, but, as they are substantially alike, it will only be necessary to refer to one of them. In March 1907, Mrs. Gage received a note of which the following is a copy:

"$2500                                        Geneva, N. Y., March 27, 1907.

    "One year after date we promise to pay to the order of Mary M. Gage twen-ty-five hundred dollars. Payable at the Geneva National Bank value received. With interest at five per cent.                    [Signed]    Charles W. Robson.
                                                 "John Monroe."

It will be observed that there is nothing on the face of the note to indicate that it was a firm obligation. In fact, there is nothing to indi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cate that a partnership existed between the signers. A stranger taking such a note would never think of ascertaining whether a firm existed and, if so, whether it was financially responsible, after he had satisfied himself that the individual signers were amply responsible. After being convinced in this respect he would not busy himself in finding out whether they were partners and, if so, whether their firm was successful, except perhaps as such an inquiry might bear on their individual responsibility. Neither is it at all important to ascertain how the firm of Robson & Monroe regarded the transaction or what they did with the money. On the face of the note it was the joint obligation of the signers. The lender had a right to rely upon their individual responsibility and upon their estates, respectively, if they died. The burden is strongly upon him who seeks to transform an individual liability, clearly appearing upon the face of the paper, into a firm liability. If the sole reliance were on the partnership why was it necessary or proper to have the individuals sign at all? We think the law is clearly to the effect that where the members of a firm sign in their individual capacity the creditor has a right to rely upon the individual credit. The burden is strongly upon him who asserts to the contrary and he must establish his contention by a clear preponderance of proof. Surely there is nothing here which clearly establishes the proposition that these notes were copartnership obligations and that it was the firm which was the principal debtor.

We are unable to find as to the notes in controversy any testimony which overcomes the presumption that they were what they purported to be on their face—the joint obligation of the two signers. It may even be assumed as to some of these transactions that the lender knew that the money was going into the business of the firm but this knowledge would not change the character of the written promise of the individual signers to pay the amount when it fell due. The testimony of the bankrupts as to what became of the borrowed money, as to the payment of interest out of money belonging to the firm, etc., is, in our opinion, wholly immaterial. The lenders had a right to rely on their security which was the individual responsibility of each of the signers. There is no testimony that they ever relinquished this security or released the signers of the notes from their individual liability.

The order is affirmed with costs.